Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Juan Navarrete

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

Juan Navarrete

Plaintiff,

v.

Indebted USA, Inc.

Defendant.

CASE NO. 2:26-cv-00122

PLAINTIFF'S COMPLAINT FOR DAMAGES:

1. Violation of the Fair Debt Collection Practices Act
2. Violation of the Rosenthal Fair Debt Collection Practices Act
3. Invasion of Privacy

COMES NOW Juan Navarrete (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Indebted USA, Inc.'s (hereinafter "Indebted") violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The FDCPA was designed to prevent abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

5. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

6. The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

7. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public's confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

10. This venue is proper pursuant to 28 U.S.C. §1391(b).

11. The Plaintiff is an individual and resides in Los Angeles County, California.

12. Defendant Indebted is a debt collector that does business throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

13. Plaintiff is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(g).

14. At all relevant times herein, Indebted was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

15. At all relevant times, Indebted acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

16. Plaintiff believes that Indebted both collecting on an account(s) that did not originate with it but instead with Possible Finance.

17. Indebted has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

18. Plaintiff original account(s) with Possible Finance was an unsecured account that Plaintiff incurred prior to the account being sold or transferred to Indebted.

19. Indebted, at some point, assumed control of the debt(s) and began contacting Plaintiff in late 2024 to inquire about the status of the account(s) and to collect the outstanding balance.

20. Plaintiff believes that Indebted is a third-party collection agency acting on behalf of Possible Finance.

21. Plaintiff retained counsel to assist in dealing with the Possible Finance / Indebted account(s) and collection efforts as well as to seek some type of financial relief.

22. Indebted was sent a notice of Plaintiff's representation on December 3, 2024.

23. Indebted elected to ignore the notice regarding Plaintiff's representation by counsel and continued to contact Plaintiff directly.

24. Plaintiff was contacted frequently regarding non-payment of the debt(s) owed to Possible despite Indebted being notified that Plaintiff had retained counsel.

25. Indebted contacted Plaintiff repeatedly after receiving notice from Plaintiff's counsel.

26. Indebted, with knowledge of Plaintiff's representation by counsel, continued to contact Plaintiff regarding the Possible account

27. Defendants' contact with Plaintiff was frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney on multiple occasions.

## FIRST CAUSE OF ACTION

(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against Defendant Indebted)

28.Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

29.Indebted was informed in December of 2024 that Plaintiff was represented by an attorney with respect to Plaintiff's Possible account.

30.Indebted continued to contact Plaintiff after it was informed Plaintiff was represented by an attorney.

31.Plaintiff's attorney did not consent to Indebted continuing to contact Plaintiff.

32.Indebted contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Indebted specifically not to contact Plaintiff.

33.Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Indebted)

34. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

35. Plaintiff provided written notice that he was represented by sending Indebted a letter with the name, address, and contact information of his attorney.

36. The contents of the letter sent to Indebted indicated that Plaintiff was represented by counsel and that Plaintiff was not to be contacted directly.

37. Indebted continued to send collection notices and otherwise attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt(s) originally owed to Possible.

38. The calls and communications made by Indebted to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

39. Plaintiff was contacted frequently by Indebted despite it receiving notice of Plaintiff's representation by counsel.

40.Indebted violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving notice that Plaintiff had retained an attorney.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Indebted)

41. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

42. Indebted knew that Plaintiff was represented by an attorney as they all received various certified notices stating as much.

43. Indebted violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling and otherwise contacting Plaintiff after Indebted knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Indebted)

44.Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

45. Indebted intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

46. Indebted intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

47. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

48. These intrusions and invasions against Plaintiff by Indebted occurred in a way that would be highly offensive to a reasonable person in that position.

49. Indebted received notice stating that it was no longer to contact Plaintiff because he was represented by counsel.

50. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Indebted.

**Cal. Civ. Code § 3294**

51. Indebted also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

52. Indebted possessed actual knowledge that it continued to violate both state and federal collection laws as it received various notices regarding representation of Plaintiff by an attorney.

53. The collection notices and contact with Plaintiff were done with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff.

54. Given Indebted knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act.

55. The sheer volume of improper contact and collection activity was intentionally designed to exhaust Plaintiff into paying Indebted.

56. Indebted also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.

**c.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

**d.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3) and to Cal. Civ. Code §1788.30(c)

**e.** An award of actual damages as proven at trial and sanctions pursuant to Cal. Civ. Code § 3294.

**Gale, Angelo, Johnson, P.C.**

Dated: January 6, 2026

By: *<u>/s/ Joe Angelo</u>*
Joe Angelo
Attorney for Plaintiff